IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY L. HENDERSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-1622-G (BT) |
| | § | |
| DR. URAY, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregory L. Henderson, a Texas prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The district court referred the case to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the district court should dismiss Plaintiff's complaint.

I.

Plaintiff, who is confined in the Hutchins State Jail, brings this action against Dr. Uray, Dr. Landrum, Parkland Medical Hospital, and the Lew Sterrett Medical Division for alleged violations of his civil rights. Plaintiff is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. By this action, Plaintiff alleges Defendants were negligent and committed medical malpractice when they failed to properly treat his wrist

1

injury. He states he was arrested on March 26, 2018, but his wrist was not x-rayed until April 6, 2018. Plaintiff claims Dr. Uray failed to properly examine his wrist and order surgery, which resulted in his wrist healing improperly. Plaintiff alleges Dr. Landrum made the decision to put a cast on Plaintiff's wrist, instead of ordering surgery. Plaintiff claims Parkland Medical Hospital failed to provide surgery after physical therapy was completed and failed to continue with physical therapy. Plaintiff seeks money damages and corrective surgery.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court also may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1)

frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

**A.   Doctors Uray and Landrum**

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to

3

abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)). Further, an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (stating prisoner's disagreement regarding the correct medical treatment does not constitute an actionable civil rights claim). Plaintiff's claims against Doctors Uray and Landrum should be dismissed under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim.

**B.    Parkland Medical Hospital**

Parkland Medical Hospital is operated by Dallas County. For a municipality to be liable under § 1983, Plaintiff must identify a policymaker, an official policy, and a violation of his constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social*

*Services*, 436 U.S. 658, 694 (1978)). Parkland Medical Hospital cannot be held liable under the theory of *respondeat superior*. *Monell*, 436 U.S. at 691.

Plaintiff has failed to identify an unconstitutional custom or policy, or any policymaker. He simply states that Parkland Medical Hospital should have provided surgery for his wrist instead of a cast. He has failed to allege facts sufficient to state a claim under § 1983, and his claim against Parkland should be dismissed under 28 U.S.C. §§ 1915A and 1915(e).

**C.     Lew Sterrett Medical Division**

Although Petitioner names the Lew Sterrett Medical Division as a Defendant, this Defendant is a non-jural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). *See, Coleman v. Dallas Cnty. Sheriff's Dept.*, 2012 WL 4866503 at *2 (N.D. Tex. Aug. 30, 2012) (holding that Dallas County Jail's medical department is not a proper defendant with a jural existence);

*Moore v. South Tower Medical*, 2013 WL 2370535 at *2 (N.D. Tex. May 31, 2013) (finding Dallas County Jail's health department is a non-jural entity), *Lindley v. Bowles*, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). Because Lew Sterrett Medical Division is a non-jural entity under § 1983, this Defendant should be dismissed under 28 U.S.C. §§ 1915A and 1915(e).

IV.

The District Court should dismiss as frivolous all of Plaintiff's claims and cause of action under 28 U.S.C. §§ 1915A and 1915(e).

Signed September 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).